# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY T. EVANS, | No. 4:19-CV-01900 |
| Plaintiff. | (Judge Brann) |
| v. | |
| CAITLIN DIGIOVANNI, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 27, 2019

**I.     BACKGROUND**

Plaintiff Zachary T. Evans, a state prisoner incarcerated at SCI Mahanoy in Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that a corrections counselor provided incorrect information regarding his convictions to the mother of his children.[1]  Plaintiff specifically alleges that Defendant Counselor DiGiovanni sent his children's mother forms related to his visitation list at prison that identified his convictions for involuntary deviate sexual intercourse and rape.[2]  This information is incorrect, Plaintiff alleges, and has defamed his character.  There are no factual allegations in the Complaint against

---

[1]     ECF No. 1.

[2]     *See id.*

Defendants Griffin and Damore, who are only identified as employees at SCI Mahanoy.

Plaintiff has also filed a motion to proceed *in forma pauperis*[3] and, for screening purposes, that motion will be granted.

**II.    DISCUSSION**

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.[4] The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[5] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] ECF No. 7.

[4] *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

[5] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

misconduct alleged.'"[6] "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[7] In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[8]

Plaintiff has brought his constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[9] "The first step in evaluating a section 1983 claim is to 'identify the

---

[6] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[7] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[8] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

[9] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[10]

Plaintiff claims that his character has been defamed and he has thus been subjected to cruel and unusual punishment in violation of the Eighth Amendment. In light of Plaintiff's *pro se* status, the Court construes this claim as arising under the Fourteenth Amendment's due process clause. "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."[11] Therefore, a plaintiff must plead what is described as a "stigma-plus" in the complaint to state a cognizable constitutional claim.[12] Here, Plaintiff does not allege any change or extinguishment of a right or status guaranteed by law. There is thus no "stigma-plus" to transform an ordinary state law tort claim

---

[10] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

[11] *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul v. Davis*, 424 U.S. 693, 701–12 (1976)).

[12] *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest").

into a federal constitutional violation. As such, Plaintiff's complaint fails to state a claim upon which relief may be granted and must be dismissed.[13][14]

## III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, with leave to amend granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] Even if Plaintiff could state a cognizable § 1983 claim, the Court would still dismiss Defendants Griffin and Damore, as Plaintiff fails to allege any personal involvement by them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[14] To the extent that Plaintiff alleges a state law claim, the Court declines to exercise supplemental jurisdiction over it as the alleged federal constitutional claim is being dismissed. 28 U.S.C. § 1367(c)(3).

5