# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY T. EVANS, | No. 4:19-CV-01900 |
| Plaintiff. | (Judge Brann) |
| v. | |
| CAITLIN DIGIOVANNI, *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION**

### **DECEMBER 30, 2019**

**I.    BACKGROUND**

Plaintiff Zachary T. Evans, a state prisoner incarcerated at SCI Mahanoy in Frackville, Pennsylvania, has filed an amended complaint and a motion to reopen in this civil rights action pursuant to 42 U.S.C. § 1983.[1] The Court previously screened and dismissed Plaintiff's complaint in which he alleged that a corrections counselor provided incorrect information regarding his convictions to the mother of his children, because it failed to allege a constitutional claim.[2] In the original complaint, Plaintiff alleged that Defendant Counselor DiGiovanni sent his children's mother forms related to his visitation list at prison that identified his convictions as for

---

[1]   *See* ECF No. 14 (motion), 15 (amended complaint).
[2]   ECF No. 1.

involuntary deviate sexual intercourse and rape.[3]  Plaintiff alleged that this information is incorrect and has defamed his character.

In Plaintiff's amended complaint, he alleges that around the end of October 2017, he submitted a visitor add-on form to have his children added to his visitation list, which requires his counselor and unit manager to send a consent form to the guardians of the minors to apprise the guardian of his convictions.[4]  Defendants DiGiovanni, a counselor, and Griffin, his unit manager, sent the mother of Plaintiff's children this visitor add-on form, in which they stated that Plaintiff was convicted of involuntary deviate sexual intercourse and rape.[5]  Plaintiff alleges that he received an email from the mother of his children about this issue on November 2, 2017, and that the information contained in the form is incorrect.[6]  Plaintiff asserts that Defendants' actions defamed him and caused the mother of his children to withhold his children from visiting him based on inaccurate information in violation of his due process and equal protection rights under the Fourteenth Amendment.[7]

In addition to the allegations of the amended complaint, Plaintiff has appended as exhibits the visitor form dated October 25, 2017, sent to the mother of his children, as well as administrative grievances and responses.  The response to

---

[3] *See id.*
[4] ECF No. 15 at 2.
[5] *Id.*
[6] *Id.* at 3.
[7] *Id.*

Plaintiff's initial grievance provides further context regarding the situation that was not alleged in the Amended Complaint:

> Inmate Evans filed this grievance regarding minor consent forms that were send to his children's mother. He claims that the letters referred to him as having a sex offense against a minor. He expressed that the letters were sent by the counselor which was resulted in problems with the mother, he finds it very unprofessional and wants something done about it.
>
> He spoke to me about this issue on the unit on 11.06.2017, after having accused the counselor of not doing her job and/or not doing it correctly. I explained to Evans that we recently replaced the housing unit clerk who had many years of experience, with a new clerk who is still learning the process. I also apologized for the error and assured him that his counselor was not the one who made the error and that there was no malicious intent. I also informed him that I would contact the clerk to send corrected letters (that was done on 11.06.2017) and that if the mother of his children had any lingering concerns that she could call me and I would explain it to her.
>
> The letters were corrected and send on that day, 11.06.2017. They were signed and returned to SCI Mahanoy on 12.04.2017. No phone or letter correspondence was received from Ms. Gardner, the mother of the children involved. The children are now on his approved visitor list.
>
> As I met with Evans and informed him that the matter would be corrected and offered to speak to the mother, I find this grievance to be frivolous and therefore denied.[8]

Plaintiff filed another, similar grievance, to which Plaintiff received the following response:

> You state that you are filing this grievance because you feel the clerk was not doing her job and sent the wrong visitation form to your children's mother. You offer no relief.

---

[8] ECF No. 15 at 8.

> I would like to apologize as in researching this grievance you are correct, the clerk sent the wrong form to your family, so I am Upholding in Part and Denying in Part in that I disagree, however, that she was not doing her job, in fact she was and just made a mistake. She meant you no harm and she was informed on the correct procedures for sending out these visitation letters.[9]

Plaintiff's appeal to the facility manager received a similar response, and his appeal to the Department of Corrections was dismissed for failure to provide the required documentation.[10]

## II. DISCUSSION

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.[11] The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[12]

---

[9] ECF No. 15 at 10.
[10] ECF No. 15 at 11-13.
[11] *See* 28 U.S.C. §§ 1915(e)(2), 1915A.
[12] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

4

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[13] "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[14] In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[15]

Plaintiff has brought his constitutional claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[16] "The first step in evaluating a section 1983 claim is to 'identify the

---

[13] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[14] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).
[16] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

5

exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[17]

Plaintiff claims that his character has been defamed and he has thus been subjected to violations of due process and equal protection under the Fourteenth Amendment. In light of Plaintiff's *pro se* status, the Court construes this claim as arising under the Fourteenth Amendment's due process clause only as Plaintiff makes no factual or even conclusory allegations to sustain a *prima facie* equal protection claim.[18]

As the Court explained in its prior memorandum opinion, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."[19] Therefore, a plaintiff must plead what is described as a "stigma-plus" in the complaint to state a cognizable constitutional claim.[20] Here,

---

[17] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

[18] The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a § 1983 equal protection claim, a plaintiff must allege that (1) he is a member of a protected class, and (2) he received different treatment than that received by other similarly situated individuals. *See Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992). Even with construing the Amended Complaint liberally, Plaintiff makes no allegations to sustain either prong of an equal protection claim.

[19] *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul v. Davis*, 424 U.S. 693, 701–12 (1976)).

[20] *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest").

Plaintiff once again does not allege any change or extinguishment of a right or status guaranteed by law in the amended complaint. There is thus no "stigma-plus" to transform an ordinary state law tort claim into a federal constitutional violation. As such, Plaintiff's amended complaint fails to state a claim upon which relief may be granted.[21]

Although the Court gave Plaintiff leave to amend after dismissing his original complaint, the Court declines to do so now and will dismiss the amended complaint with prejudice. Dismissal with prejudice without amendment is appropriate when granting leave to amend would be futile.[22] This is so even when the dismissal is effected through § 1915(e)(2) screening.[23] Indeed, although *pro se* plaintiffs are allowed to amend inadequately pled complaints, the Court may apply the futility exception without granting leave to amend.[24] Here, it has become clear to the Court based on Plaintiff's attempt at amendment as well as the exhibits appended to the amended complaint that he cannot allege a constitutional violation to bring his action within the Court's jurisdiction and amendment would be futile. Plaintiff alleges only that misinformation was sent to the mother of his children by

---

[21] To the extent that Plaintiff alleges a state law claim, the Court declines to exercise supplemental jurisdiction over it as the alleged federal constitutional claim is being dismissed. 28 U.S.C. § 1367(c)(3). The Court also notes that Plaintiff has not alleged facts on which the Court could assert diversity jurisdiction, *see* 28 U.S.C. § 1332, over any state law claim.
[22] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).
[23] *Id.*
[24] *See Grayson*, 293 F.3d at 112-13.

7

mistake and that such mistake was quickly admitted to and corrected. While the situation was unfortunate, Plaintiff, even after given an opportunity at amendment, can allege no change or extinguishment of a right guaranteed by state law or the Constitution as a result of the mistake. As such, the Court finds that no amendment would cure the defects in Plaintiff's claim. The amended complaint will be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion to reopen but dismiss with prejudice the amended complaint for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge